FILED
04 OCT 26 PM 12:09
U.S. DIST. COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FREDERICK PARKER,

    Plaintiff,

v.

CLEAN EARTH ENVIRONMENTAL
GROUP, LLC,

    Defendant.

CIVIL ACTION NO.
03-AR-2451-S



ENTERED
OCT 26 2004

## MEMORANDUM OPINION

Before the court is the motion of defendant, Clean Earth Environmental Group, LLC ("Clean Earth"), for summary judgment and the follow-up motion of Clean Earth to dismiss for failure to prosecute under Rule 41(b), Fed.R.Civ.P. Plaintiff, Frederick Parker ("Parker") states three claims against Clean Earth in his complaint; one for racial discrimination in pay, one for same sex sexual harassment, and one for retaliatory firing. Parker has not replied to the motion for summary judgment or to the motion to dismiss.

### Facts

Parker, a black male, began work for Clean Earth on May 21, 2001, as a grinder. He was transferred to work on the drill press on November 30, 2001, and was given a raise to $9.85 an hour. Kenny Lee ("Lee"), a white male, also worked as a drill press operator during the same time period. Lee made the same amount of money per

1

hour as Parker. During the same time period, Jerry Jones ("Jones"), a white male, worked as a metal saw operator, and did fitting and welding for Clean Earth. Jones made $13.00 per hour for those jobs.

While Parker was employed as a grinder and drill press operator, Mether Pearson ("Pearson"), a black male, was his direct supervisor. Parker says that Pearson touched him on the chest, and slapped him on the buttocks with time cards on separate occasions. Parker reported these incidents to Susan Graham ("Graham"), the Human Resources Manager for Clean Earth. During a subsequent investigation, Pearson admitted to hitting Parker on the buttocks with the time cards. On another occasion, Parker complained that Pearson "looked at him hard" and took away his stool. Parker was transferred out from under the supervision of Pearson, first to the Paint Department, and later to the Warehouse Department. No reduction in pay or benefits accompanied the transfers. Parker testified that Pearson never touched him again.

In May 2003, a window in the Warehouse was broken. Parker, among others, was assigned to clean up the broken glass. Parker lacerated his elbow while cleaning up the glass. Graham instructed him to go to the Clean Earth's workers' compensation physicians, Doctors Outpatient Center for Occupational Medicine ("Doctors Outpatient"), for treatment. Parker went to Doctors Outpatient, but returned without receiving medical treatment. On May 27, 2003, Juanita Tidwell, the Manager of Doctors Outpatient, informed Graham

2

that while present to receive his medical treatment, Parker was informed that he would also have to take a post-injury drug screening. Parker promptly left without receiving any treatment, and was not screened. Parker was ordered to return to Doctor's Outpatient for a physical, but he claimed his arm was fine and refused to return to Doctor's Outpatient. The conversation was heated. Parker finally refused to return to the doctor. Parker was terminated shortly

## Analysis

First, Parker alleges that he was racially discriminated against in pay by Clean Earth. Second, he claims that he was subjected to same sex sexual harassment at Clean Earth while under the supervision of Pearson. Third, he claims that his firing was in retaliation for his complaint of sexual harassment. The claims are treated in that order.

### Racial Discrimination in Pay

There is no direct evidence of racial discrimination. Thus, in order to make a *prima facie* case of racial discrimination in pay, Parker must show not only that non-minority workers make more than he does, but that those workers are fairly comparable. Here, Parker presents no evidence allowing the inference of discriminatory intent.

Jones, Parker's chosen white comparator, does make a higher hourly wage than Parker does. However, Jones is not similarly

3

situated. Jones operated an entirely different machine, in a different department, that requires him to understand schematics and metal codes. Jones had been at Clean Earth five years longer than Parker, and had other skills such as fitting and welding. To suggest that the two are comparable is disingenuousness at best.

A much more obvious comparator was conspicuously overlooked by Parker. Lee, who is white, holds the exact same job as Parker, drill press operator. Lee and Parker made the exact same wage. This calls into question any suggestion that a *prima facie* case exists. All in all, there is no basis for the inference that race was the reason that Parker was paid less than Jones. None of the above facts is in dispute. Thus, because Parker failed to make out a *prima facie* case of racial discrimination, judgment as a matter of law is appropriate on the facts.

### Sexual Harassment

Parker's claim of sexual harassment rises out of two occasions when he claims to have been touched by his direct supervisor Pearson. Parker and Pearson are both males.

There are four elements to a *prima facie* case of hostile work environment sexual harassment: (1) plaintiff belongs to a protected class; (2) the employee was subjected to unwelcome advances or conduct; (3) the unwelcome conduct was based on the sex of the employee; (4) the harassment was severe and pervasive to the point of altering the terms and conditions of employment. *See, e.g.,*

4

*Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir. 1999)(en banc).

Parker fails to prove that the alleged conduct was severe and pervasive enough to alter the conditions of employment. In same-sex harassment situations, like this one, the threshold for objective severity is often much higher because courts must overcome the difficulty in distinguishing horseplay from harassment *because of sex*. *Oncale v. Sundowner Offshore Svcs., Inc.*, 523 U.S. 75, 81 (1998). Social context is critical for distinguishing between teasing and actionable harassment.

> "Common sense, and an appropriate sensitivity to social context, will enable courts and juries to distinguish between simple teasing and roughhousing among members of the same sex, and conduct which a reasonable person in the plaintiff's position would find severely or hostile or abusive."

*Oncale*, 523 U.S. at 81. Generally, in any context, simple teasing or isolated incidents will not be harassment severe enough to alter the terms and conditions of employment. *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

The actions of Pearson are not nearly the stuff that sexual harassment claims are made of. Parker alleges only two incidents of touching by Pearson. The relative infrequency of such conduct, alone, shows a lack of pervasiveness. Further, Pearson's slap on Parker's buttocks with time cards seems more akin to horseplay than it does to humiliating or threatening conduct, even without regard

5

to the workplace social context. Without much more, these incidents seem innocuous. Neither of the two incidents complained of, even taken together in their best possible light, indicates conduct so severe as to alter the terms or conditions of Parker's employment.

Parker also fails to present any evidence that the alleged "harassment" was because of his sex. No evidence was presented that female employees were not subjected to this sort of treatment, or that Parker was somehow singled out because he was male or a homosexual male. Given that the conduct was between two men, some evidence that the harassment was *because* of sex is required. Title VII is not a general civility code. It requires that harassment be *because* of one of the protected factors. *Oncale*, 523 U.S. at 80. Nothing indicates that Parker was subjected to harassment because of his gender.

There are certainly other grounds on which the sexual harassment claim fails[1], but given the striking lack of evidence of severe and pervasive abuse of Parker, use of common sense tells this court that the actions of Pearson were just the sort of teasing and roughhousing that the *Oncale* court meant to keep out of the courthouse. Thus, because there is no material dispute,

---

[1] For instance, Clean Earth pleads the *Farragher/Ellerth* affirmative defense and presents facts necessary to such a defense. Clean Earth had a policy against sexual harassment, and Parker likely knew of the policy because he complained to the official designee for complaints, the Human Resources Director. Parker waited 10 months to complain to Graham, and if the incidents were actionable, then he did not effectively avail himself of the preventive or corrective opportunity. Further, after Clean Earth was apprised of the conduct, it took action both against Mr. Pearson and in transferring Mr. Parker, that prevented Pearson from touching Mr. Parker again. This defense would most likely protect Clean Earth from liability, as well.

6

judgment as a matter of law for Clean Earth on Parker's sexual harassment claim is appropriate.

### Retaliation

For a *prima facie* case of retaliation under Title VII, a plaintiff must prove that he engaged in statutorily protected expression, that there was a subsequent adverse employment action, and that there was a causal nexus between the protected expression and the subsequent adverse action. *Sullivan v. Nat'l R.R. Passenger Corp.*, 170 F.3d 1056, 1059 (11th Cir.), cert. denied, 528 U.S. 966 (1999). If a *prima facie* case is proven, the defendant has an opportunity to present a legitimate, non-discriminatory reason for the adverse action. If such a non-discriminatory reason is presented, the plaintiff must then present some proof that the reason presented by defendant is mere pretext for discriminatory intent

Parker's claim fails at the legitimate non-discriminatory reason level. Assuming *arguendo* that Parker has made out a *prima facie* case here[2], he has no response to Clean Earth's articulated legitimate non-discriminatory reason for its termination of Parker. Clean Earth maintains that it fired Parker for insubordination.

---

[2]Clean Earth contends that plaintiff has failed to make out the *prima facie* case of retaliation because his activity was not protected by the statute. Clean Earth simply argues that Parker could not reasonably believe that what happened to him was sexual harassment in violation of Title VII. Title VII protects only expression based on reasonable belief that the conduct was in violation of Title VII. *Clark County School Dist. v. Breeden*, 532 U.S. 270 (2001). Based on a comparison to the *Breeden* facts, it appears that Parker's belief that he was sexually harassed was not reasonable, and thus, he fails to make a *prima facie* case. However, this court focuses its analyses on the legitimate, non-discriminatory reason argument because of the utter lack of evidence in support of a finding of pretext.

Specifically, Parker failed to follow a direct order to return to Doctor's Outpatient. Regardless of the wisdom of Clean Earth's decision to require Parker to receive treatment, a firing for insubordination is certainly a legitimate, non-discriminatory reason for termination. Parker has not argued, and in fact has presented no evidence to this court to indicate, that this reason was pre-textual. Reliance on the *prima facie* case is not enough when presented with a real legitimate non-discriminatory reason for the adverse employment action. "Mere general allegations which do no reveal detailed and precise facts will not prevent the award of summary judgment." *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 592 (11th Cir. 1995). Clean Earth has articulated a legitimate, non-discriminatory reason for Parker's termination, which Parker has not rebutted with any evidence of pretext. With no issues of material fact presented by Parker, judgment as a matter of law for Clean Earth on the retaliation claim must be entered.

### Rule 41(b)

Clean Earth's Rule 41(b) motion to dismiss for want of prosecution is not seriously entertained. While Clean Earth might ultimately have been entitled to a dismissal, Parker's failure to respond to a motion for summary judgment within accordance with a time frame set forth in the September 29, 2004 order does not constitute a failure to prosecute. In light of the summary judgment as a matter of law for Clean Earth, any further discussion of the

Rule 41(b) motion is unnecessary.

## Conclusion

Clean Earth's motion for summary judgment as to each of the three claims will be granted, and Parker's action will be dismissed by separate order. This will render moot Clean Earth's Rule 41(b) motion to dismiss for want of prosecution.

DONE this  26th  day of October, 2004.

_/s/ William M. Acker_

WILLIAM M. ACKER, JR.

UNITED STATES DISTRICT JUDGE